# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**WILLIAM N. THOMAS,**

    Plaintiff,

v.                                                          **Civil Action No. 5:14-CV-79**
                                                                     **(BAILEY)**

**FIA CARD SERVICES,**
**NATIONAL ASSOCIATION,**

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Currently pending before this Court is the plaintiff's Motion to Remand [Doc. 6], filed on July 11, 2014. The defendant responded on July 28, 2014 [Doc. 7], and the plaintiff replied on August 4, 2014 [Doc. 8]. On September 17, 2014, the plaintiff replied to the Court order directing him to inform the Court with the approximate number of statutory violations alleged against the defendant. [Doc. 14]. This Court, having reviewed the motion and the memoranda submitted with regard thereto, finds that the plaintiff's motion should be **DENIED**.

## BACKGROUND

The plaintiff, William N. Thomas, filed an action against defendant FIA Card Services on May 12, 2014, in the Circuit Court of Wetzel County, West Virginia. The plaintiff states that the defendant improperly attempted to collect a debt from the plaintiff. The plaintiff alleges that, in doing so, the defendant violated the West Virginia Consumer Credit and Protection Act ("WVCCPA"), violated the West Virginia Computer Crime and Abuse Act, intentionally inflicted emotional distress, and invaded the plaintiff's privacy. The plaintiff's

Complaint did not plead a specific amount of damages.

On June 13, 2014, the defendant removed the above-styled action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. [Doc. 1]. FIA Card Services bases federal jurisdiction upon diversity jurisdiction pursuant to 28 U.S.C. § 1332 under which federal district courts have original jurisdiction if the case involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* Undoubtedly, complete diversity of citizenship exists in the instant case: the plaintiff is a resident of West Virginia, and FIA Card Services has its principal place of business in Delaware. [*Id.* at 2]. In arguing that the jurisdictional amount has been satisfied on the face of the Complaint, the defendant argues that the plaintiff seeks the following relief: (1) civil penalties of $4,737.57 for each one of the "repeated" violations of the WVCCPA; (2) cancellation of his $14,548.01 debt to the defendant; (3) general and punitive damages; and (4) attorney's fees.

On July 11, 2014, the plaintiff filed the instant Motion to Remand [Doc. 6], arguing that the Complaint makes no reference to the number of prohibited communications by the defendant, and therefore the defendant lacks sufficient knowledge or information to approximate the value of plaintiff's claims. [*Id.* at 3–4]. The plaintiff also claims that any calculation of attorney's fees is too speculative to meaningfully increase the amount in controversy in the case; that the amount of loan forgiveness is speculative because it is in the discretion of the Court whether to grant such an award; and that there is no evidence to quantify the liability related to the claims under the West Virginia Computer Crime and Abuse Act, intentional infliction of emotional distress or common law invasion of privacy.

2

[*Id.* at 4–6].

On July 28, 2014, FIA Card Services filed its Response [Doc. 7], arguing that even assuming only two violations of the WVCCPA, debt cancellation, and a conservative estimate of attorney's fees and punitive damages, the amount in controversy threshold would be met. The defendant also disputes plaintiff's contention that the amount in controversy cannot be determined with sufficient certainty. [*Id.* at 7–9].

On August 6, 2014, the plaintiff filed a Reply [Doc. 8] reasserting and supplementing his previous arguments in support of remand. Furthermore, on September 17, 2014, the plaintiff filed a reply to the Court order requesting the approximate number of statutory violations alleged under the WVCCPA. [ Doc. 14]. The plaintiff stated that he intends to prove the defendant violated the WVCCPA no more than 15 times. *Id.*

## **DISCUSSION**

Under 28 U.S.C. § 1441, a defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). In the instant case, the parties do not dispute that there is no federal question at issue and the parties are citizens of different states. Therefore, the issue of remand rests on whether the amount in controversy exceeds $75,000.

## I.     Standard

The burden of demonstrating jurisdiction resides with the party seeking removal. *Maryland Stadium Authority v. Ellerbe Becket Incorporated*, 407 F.3d 255, 260 (4th Cir. 2005).  Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).

If federal jurisdiction is doubtful, a remand to state court is required.  *Maryland Stadium*, 407 F.3d at 260.  On the other hand, if this Court has jurisdiction, it is required to exercise it.  *Gum v. General Electric Co.*, 5 F.Supp.2d 412, 415 (S.D. W.Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'") (quoting *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 817 (1976)).

In a removal action in which federal jurisdiction is premised upon 28 U.S.C. § 1332, the defendant bears the burden of proving that the plaintiff's claim exceeds the jurisdictional amount.  *Landmark Corp. v. Apogee Coal Co.*, 945 F.Supp. 932, 935 (S.D. W.Va. 1996). When a complaint's *ad damnum* clause does not specifically state the amount in controversy, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013).

In order to meet the preponderance of the evidence standard and to establish jurisdiction upon removal, a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount.  *Landmark Corp.*, 945 F.Supp.

4

at 935. To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000. *See* **Gaus v. Miles, Inc.**, 980 F.2d 564, 567 (9th Cir. 1992). Instead, a defendant seeking removal must "supply evidence to support his claim regarding the amount at issue in the case." **Sayre v. Potts**, 32 F.Supp.2d 881, 886 (S.D. W.Va. 1999).

Specifically, "[t]he question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties." **Lanier v. Norfolk S. Corp.**, 256 F. App'x 629, 631–32 (4th Cir. 2007) (quoting **Brill v. Countrywide Home Loans, Inc.**, 427 F.3d 446, 448–49 (7th Cir. 2005). To calculate this amount, a court must consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. **Weddington v. Ford Motor Credit Co.**, 59 F.Supp.2d 578, 584 (S.D. W.Va. 1999); *see also* **Mullins v. Harry's Mobile Homes**, 861 F.Supp. 22, 24 (S.D. W.Va. 1994) (specifically stating that court may consider complaint, removal petition, and "other relevant matters in the file"). In conducting this analysis, the court may consider:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

**Watterson v. GMRI, Inc.**, 14 F.Supp.2d 844, 850 (S.D. W.Va. 1997) (internal citations omitted). Finally, in resolving the amount in controversy issue, a court "is not required to

leave its common sense behind." *Mullins*, 861 F.Supp. at 24.

## II. Analysis

In his motion, the plaintiff claims that the amount in controversy requirement has not been satisfied. Upon a review of the Complaint and an independent evaluation of the record, this Court disagrees.

### A. Statutory Violations

Under West Virginia Code § 46A-5-101, if a creditor has violated the provisions of this Chapter, statutory penalties may be awarded in an amount to be determined by the Court in an amount "not less than one hundred dollars nor more than one thousand dollars." W. Va. Code § 46A-5-101(1). The statute provides the Court with the discretion to adjust these amounts for inflation. *Id.* Furthermore, "when there is a maximum penalty dictated by statute, it is appropriate to measure the amount in controversy by the maximum penalty and not by how much the plaintiff is likely to be awarded." *McNickle v. Am. Exp. Co.*, 2013 WL 4040574 at *2 (N.D. W.Va. Aug. 8, 2013) (Stamp, J.) (citing *Brill v. Countrywide Home Loans Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)).

In the Complaint, the plaintiff demands "[s]tatutory damages in the maximum amount authorized by West Virginia Code § 46A-5-101(1)." [Doc. 1 at 17]. The plaintiff's Complaint does not specify how many violations occurred. [Doc.1]. However, in the Plaintiff's Reply [Doc. 14], the plaintiff avers that he "intends to prove that Defendant violated the WVCCPA no more than 15 times." [Doc. 14 at 1]. The plaintiff notes that based on the defendant's calculation of $4,737.57 for each of the repeated violations, the total amount would be $71,063.55. This Court accepts the defendant's figure of the $71,063.55 to be included in

6

the calculation of the amount in controversy.

**B.    Loan Forgiveness**

Under W. Va. Code § 46A-5-105, "[i]f a creditor has willfully violated the provisions of this chapter applying to illegal, fraudulent or unconscionable conduct or any prohibited debt collection practice . . . the court may cancel the debt when the debt is not secured by a security interest." W. Va. Code § 46A-5-105.

The plaintiff argues that "[l]oan forgiveness is speculative because it is in the discretion of this Court whether such award will be granted." [Doc. 14 at 3]. The plaintiff obfuscates the difference between the amount of recovery and the amount in controversy. The standard for removal is not what the plaintiff will recover, but what is *in controversy* between the parties. *See* **Brill v. Countrywide Home Loans, Inc.**, 427 F.3d 446, 448 (7th Cir. 2005) ("the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.") (in reference to removal in a Class Action Fairness Act case); *see also,* **Scaralto v. Ferrell**, 826 F.Supp.2d 960, 967 (S.D. W.Va. 2011) ("The amount in controversy is not what the plaintiff, his lawyer, or some judge thinks a jury would award the plaintiff assuming he prevails on the merits. It is what the plaintiff claims to be entitled to or demands.").

This Court does not leave its common sense behind in considering the amount in controversy. The plaintiff demands that "any alleged debt be cancelled" under W. Va. Code. § 46A-5-105. [Doc. 1 at 17]. Plaintiff's alleged debt owed to the defendant is $14,548.01. [*Id.* at 4]. Although it is in the Court's discretion whether to cancel the plaintiff's debt, the Court may take into consideration "the pecuniary result to either party which [a]

judgment would produce." ***Dixon v. Edwards***, 290 F.3d 699, 710 (4th Cir. 2002) (quoting ***Gov't Emp. Ins. Co. v. Lally***, 327 F.2d 568, 569 (4th Cir. 1964)).[1] At this stage of the proceedings this Court only has to consider the amount in controversy and reserves judgment as to whether such award will be granted. Accordingly, this Court will consider the $14,548.01 debt cancellation in the calculation for amount in controversy.

**C.     Attorney Fees**

This Court may consider an award of attorney fees as a part of the amount in controversy when it is provided for by statute. See ***White v. JP Morgan Chase Bank, Nat. Ass'n***, 5:13-CV-52, 2013 WL 3187082 at *4 (N.D. W. Va. June 20, 2013); ***Grubb v. Jos. A. Bank Clothiers, Inc.***, CIV.A. 2:05-0056, 2005 WL 1378721 (S.D. W. Va. June 2, 2005). Under W. Va. Code § 46A-5-104, ["i]n any claim brought under this chapter . . . the court *may* award . . . reasonable attorney fees . . .." (Emphasis added). This court has previously stated:

> [W]hile courts have included attorney's fees where they are mandatory, see e.g. ***Foret v. Southern Farm Bureau Life Ins. Co.***, 918 F.2d 534, 537 (5th Cir. 1990), discretionary fees and costs are not necessarily included. See ***Cradle v. Monumental Life Ins. Co.***, 354 F.Supp.2d 632, 636 (E.D. Va. 2005). Such is the nature of such fees under § 46A-5-104. "Thus, attorney's fees are certainly not mandated by the act and are appropriate only where there has been 'egregious conduct.' See ***Chevy Chase Bank v. McCamant***, 204 W. Va. 295, 512 S.E.2d 217, 227 (W. Va. 1998)(no abuse of discretion in not awarding fees where behavior not egregious)." ***Tober v. Dell Financial Servs.***, LP, Civil Action 5:05-CV-187, 2006 U.S. Dist. LEXIS 24428 (N.D. W. Va. April 25, 2006)(Stamp, J.).

---

[1] The defendant cites to ***McNickle v. Am. Exp. Co.***, 5:13CV60, 2013 WL 4040574 at *3 (N.D. W. Va. Aug. 8, 2013) (Stamp, J.), that states "[t]he loan forgiveness claim is the most certain in terms of amount, but whether the loan will be forgiven is speculative because it is in the discretion of this Court whether such award will be granted."

8

*White,* 2013 WL 3187082 at *4.

In *White*, the removing defendant simply states in the Complaint that the amount in controversy "could" exceed $75,000 without any support. *White*, 2013 WL 3187082 at *2. Unlike in *White*, the plaintiff has acknowledged that he intends to prove that the defendant violated the WVCCPA no more than fifteen (15) times based on the "maximum amount authorized by West Virginia Code § 46A-5-101(1)." *See* [Doc. 1 at 17]. This Court distinguishes *White* to the extent that the plaintiff acknowledges that WVCCPA violations would amount to $71,063.55; thus, it is reasonable to ascertain that attorney fees—at a minimum— would place the amount in controversy over the requisite threshold.

## **CONCLUSION**

Upon consideration of above, this Court finds the defendant met its burden of demonstrating the jurisdictional amount in controversy. This court finds that the amount in controversy is $71,063.55 in WVCCPA violations, $14,548.01 in debt cancellation, and a minimal amount of attorney fees to be recovered. There is no reason to take into consideration claims under the West Virginia Computer Crime and Abuse Act; intentional infliction of emotional distress; or common law invasion of privacy because the sufficient threshold has been met. This Court finds that the plaintiff's Motion to Remand **[Doc. 6]** should be, and hereby is, **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: October 2, 2014.

*[Signature]*
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE